# THE ATTORNEY GENERAL
# OF TEXAS
AUSTIN 11, TEXAS



Gerald C. Mann
~~PRICE DANIEL~~
ATTORNEY GENERAL

Mr. Jim C. Howell
County Attorney
Hardeman County
Quanah, Texas

Dear Sir:

Opinion No. O-3166-A
Re: Authority of Commissioners'
Court to return a voluntary
payment made into the county
general fund under a mis-
take of law.

We have your letter of recent date wherein
you request the opinion of this department upon the
following question, which we quote:

"Where a commission for selling county
school land belonging to the permanent school
fund was paid to the county judge out of the
said school funds instead of the general fund,
and the present holder of title to such land
pays the amount of such commission into the
general fund for the purpose of inducing the
commissioners' court to transfer such amount
from the general fund to the school fund, and
such payment was made solely for the business
purpose of removing a cloud on his title and
with a denial of any legal or moral obligation
to pay such amount, and said payment being
made under protest by the present holder of
title, and the commissioners' court is now
ready and willing to refund the amount of such
payment from the general fund to the present
holder of title, does the commissioners'
court have authority to refund the money by
a proper order?"

This opinion supplements our Opinion No. O-3166,
in which we advised you that the Commissioners' Court
under facts similar to those stated above could not
be compelled to return the money because it had been
voluntarily paid under a mistake of law. You state
that you have a copy of that opinion.

The Commissioners' Court is responsible for
the safekeeping of the county funds and it handles and
disburses these funds only by virtue of the authority
placed in it by the Statutes and Constitution of this
State. It has been often pointed out that the Com-
missioners' Court occupies in respect to county pro-
perty and funds a trust relation. 11 Tex. Jur. 625,

Sec. 89; Llano County v. Knowles (Civ. App.) 29 S. W. 549; Llano County v. Johnson (Civ. App.) 29 S. W. 56.

Because of the trust relationship which it bears to such funds, the Commissioners' Court, we believe, is bound by the broad principles of law applicable to fiduciaries in general in the handling and caring for these funds. One of the primary obligations of a fiduciary is to manage and preserve the property which he holds in trust.

In the language of a well-known authority on the law of trust: "His duty is to manage the property for his cestui que trust, and not to keep his conscience, or betray his title or interests." 1 Perry on Trusts, Sec. 433.

A trustee cannot be generous with the property or funds placed in his care. If there exists any question as to the liability of such funds under any obligation, he should require that such obligation be proved up by due process of law.

If the trustee fails to compel the creditor to proceed against the estate, he is liable to the interested parties who have been injured by his negligent conduct. The failure of the trustee in this respect subjects him to the same consequences as if he permitted the estate to be dissipated or lost in any other illegal way or by any other illegal means. 26 Ruling Case Law 1281, Sec. 131; Kutz v. Nolan, 224 Penn. 262, 73 Atl. 555, 24 L.R.A. (N.S.) 1124.

A fiduciary is expected and required to raise every reasonable objection to, and to interpose every legal defense against, the payment of a claim against the funds entrusted to his care.

Even in the case of an ordinary garnishee, if he wishes to relieve himself of liability for the funds attached in his hands, he must act in good faith to the debtor, and by using the information in his possession, contest every inch of ground to prevent a recovery of judgment by the attaching creditor. Scottish Rite, etc. Aid Ass'n v. Union Trust Co., 195 Penn. 45, 45 Atl. 651; Kutz v. Nolan, supra.

The settlement of an account by a county board is no more sacred than a settlement between individuals. Even though the payment of a claim against the county is voluntarily made, if it was paid without lawful authority, the amount so paid may be recovered in an action by the county. 11 Tex. Jur. 682, Sec. 130. See also Cameron County v. Fox (Comm. App.) 2 S. W. (2) 433.

"The Courts of this State have uniformly recognized that a Commissioners' Court cannot bind the county by ordering a claim to be paid which is not made a charge against the county, or make a contract not within the limits of their power. The want of authority is jurisdictional; its action in so doing has no conclusive or binding effect, but, on the contrary, is void." Howard v. Henderson County, 116 S. W. (2) 479, 482.

In the light of the foregoing authorities, we are constrained to advise you that the Commissioners' Court may not pay the claim in question.

Trusting that we have sufficiently answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Peter Maniscalco
    Peter Maniscalco
    Assistant

APPROVED JULY 22, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

PK:BT:jrb

APPROVED OPINION COMMITTEE
BY BWB, Chairman